

Eugene E. Threadgill, Connole & O'Connell, Washington, D. C., for petitioner-appellant Central Florida Gas Corp.

Andrea Wolfman, Solicitor's Office, F.E.R.C., Washington, D. C., for respondent-appellee Federal Energy Regulatory Commission.

Before RONEY, TJOFLAT and HATCHETT, Circuit Judges.

RONEY, Circuit Judge:

Central Florida Gas Corporation (CFG) appeals the denial by the Federal Energy Regulatory Commission of relief from penalties incurred when CFG exceeded the annual volumetric limitation imposed by a Commission order. CFG contends that the Commission's refusal to waive the overrun penalties was arbitrary because CFG was as deserving of extraordinary relief as others who have been granted relief. The facts do not fit the argument. We affirm.

CFG operates a small gas distribution system in the City of St. Cloud, Florida, as well as an integrated system serving several towns in the Winter Haven, Florida area.

**CENTRAL FLORIDA GAS CORPORATION, Petitioner-Appellant,**

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent-Appellee.**

No. 81–5419.

United States Court of Appeals, Eleventh Circuit.

June 14, 1982.

CFG purchases all its natural gas from Florida Gas Transmission Company (FGT). In 1972 the Commission directed FGT to establish annual volumetric limitations on purchases by each customer that resells gas and on purchases by its direct industrial customers. Separate limitations were imposed for each Rate Schedule. Failure to exhaust the limitation imposed on one system did not permit excess use on the other. FGT's tariff imposed a penalty on any customer that exceeded its entitlement. *Florida Gas Transmission Company*, 50 FPC 239 (1973). When the volumetric entitlements were established in 1973, CFG had only sixteen residential and one commercial customer purchasing Rate Schedule G gas in St. Cloud. As the cost of heating oils increased, so did the demand for natural gas in St. Cloud. By 1980 CFG was serving 150 residences, seven commercial customers, two public schools, one rest home, and one hospital.

After 1973 when the annual volumetric limitations were imposed, the supplies of natural gas had improved so that FGT was able to meet all its volumetric entitlements and to sell excess gas. Therefore, in 1978 FGT filed a proposal in *Lehigh Portland Cement Co. v. Florida Gas Transmission Co.*, 13 FERC ¶ 61,041 (1980) to allow resale customers to combine their entitlements for all delivery points. When it became apparent that CFG was going to exceed its annual volumetric limitation on the St. Cloud system, CFG filed a motion in the *Lehigh* proceeding requesting an expedited decision on the consolidation of entitlements and a waiver of penalty charges incurred prior to the decision. Because CFG had a larger entitlement than it required for its Winter Haven system, consolidation has now alleviated the St. Cloud overruns. Following the Commission's denial of the waiver, CFG filed a motion for extraordinary relief that was denied by a vote of two to one. This appeal followed.

The few cases where the Commission has granted special relief can be grouped in two categories: relief during periods of surplus and relief during periods of shortage. All of the cases in both categories are suffi-ciently different from CFG's to permit different treatment without being arbitrary.

Three cases fall within the surplus category, two of which involved other FGT customers. One of these customers, the City of Sunrise, was granted an increase in its volumetric entitlement because consolidation did not cure its overrun problem. Sunrise did, however, pay the overrun penalties for the period prior to the increase. *Lehigh Portland Cement Co. v. Florida Gas Transmission Co.*, 13 FERC ¶ 61,041 (1980). The other FGT customer that received extraordinary relief sought an increased allocation to an old customer, a wood products firm that was the largest employer in Blountstown. Shutdown of the wood products firm would also have harmed the three sawmills in the area supplying raw materials. Because the community's economy was threatened, the volumetric entitlement was waived for a limited period to allow the plant to install a wood chip gasification system. *City of Blountstown*, 15 FERC ¶ 16,193 (1981). In *El Paso Natural Gas Co.*, 14 FERC ¶ 61,284 (1981), the third surplus case, the Commission granted relief from past overrun charges as part of a settlement of nine years of litigation.

The other category of cases CFG uses to illustrate granting of extraordinary relief involve periods of gas shortage. Despite a short supply of natural gas, the Commission has granted a few petitions for short-term relief from volumetric limitations in emergency situations. For example, in *Panhandle Eastern Pipeline Co.*, 49 FPC 379 (1973), the Commission granted Monroe City, Louisiana, extra deliveries of gas when a national fuel shortage prevented it from getting sufficient supplies of fuel oil to keep its electric generating facility operating through the winter. Similarly, the Commission granted extraordinary relief for a short-term emergency need in *El Paso Natural Gas Co.*, 54 FPC 1469 (1975). In that case extra gas was allowed a local utility so that it could shut down and repair its oil-fired generator. CFG, however, seeks relief from a problem it created by adding customers rather than short-term emergen-

cy relief from circumstances beyond its control.

The grant or denial of the relief requested falls within the discretion of the Commission. Even the dissent from Commission denial argued that discretion should be exercised to grant relief. It did not focus on any factors compelling as a matter of law.

CFG has presented no circumstances which require a waiver of the overrun penalties incurred by adding customers. That new customers seek service because the cost of alternative fuels is higher does not constitute a compelling ground for relief. There was no emergency here, short-term or otherwise. CFG extended service to new customers voluntarily and with full knowledge of its violation of existing tariff provisions. Uncontrolled growth is the very type of conduct the penalty was designed to deter.

CFG argues that the volumetric limits were outmoded and did not adequately allow for growth. If true, these facts may be persuasive reasons to increase the annual volumetric limitations, but they are not justification for ignoring present limits. CFG also argues that supplying surplus gas to high priority residential customers merits extraordinary relief. As the Commission points out in its brief, however, that is the short-term perspective. The high priority users added by CFG expect to be full time, long-term customers. In any future gas shortage these high priority customers would be preferred over customers who are lower in priority. Therefore, the Commission should be given opportunity to review expansion of service before the fact. The imposition of penalties for excessive use protects that value.

The Commission did not act arbitrarily or abuse its discretion in denying CFG extraordinary relief from the overrun penalties it incurred.

AFFIRMED.